# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-4102

———————

Eric Lynn Self,                              *
                                             *
          Plaintiff/Appellant,               *
                                             *  Appeal from the United States
     v.                                      *  District Court for the
                                             *  Eastern District of Arkansas.
Auburn Steel Company, Inc.;                  *
Sumitomo Corporation of America;             *     [UNPUBLISHED]
SC Steel Investment, Inc.; Yamato            *
Kogyo (U.S.A.) Corporation, doing            *
business as Arkansas Steel                   *
Associates, an association of                *
partners,                                    *
                                             *
          Defendants/Appellee.

———————

Submitted: May 22, 1997
                    Filed: June 6, 1997

———————

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.

———————

PER CURIAM.

     Eric Self sued his employer, Auburn Steel Company, in January 1996 on the theory that certain employment actions affecting him were in retaliation for his father's participation in a 1991 lawsuit against the company under the Age Discrimination in

Employment Act (ADEA), 29 U.S.C. § 621 et seq. (1997). The district court[1] granted summary judgment for Auburn Steel, and we affirm.

Self's complaint alleged a violation of the retaliation provision of Title VII. Title VII makes it unlawful for employers to discriminate on the basis of race, sex, color, national origin, or religion, see 42 U.S.C. § 2000e-2(a), and it prohibits an employer from retaliating against an employee on the basis that

> he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

42 U.S.C. § 2000e-3(a) (1997). Self made no factual allegations and produced no evidence related to a case alleging discrimination on the basis of race, sex, color, religion or national origin. The district court was therefore correct in dismissing this claim.

Sometime after his complaint was filed Self moved to amend it to include a cause of action for retaliation under the ADEA. The ADEA prohibits an employer from discriminating against an employee or applicant for employment who

> has opposed any practice made unlawful by [the ADEA], or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under [the ADEA].

---

[1]The Honorable William R. Wilson, United States District Judge for the District of Eastern Arkansas.

29 U.S.C. § 623(d) (1997).  The district court denied the motion to amend without prejudice, but went on to consider his claim as if he had brought it under the ADEA.[2]

Assuming the ADEA retaliation claim is properly before us, we conclude that the district court did not err in granting summary judgment in favor of Auburn Steel because Self failed to produce evidence sufficient to show a claim under 29 U.S.C. § 623(d).


The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

---

[2]Self indicated in his notice of appeal that he was not appealing that portion of the court's order which denied his motion to amend.